# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: B.P.-1, B.P.-2, and E.P.

No. 17-0495 (Lewis County 16-JA-19, 16-JA-20, & 16-JA-21)

## MEMORANDUM DECISION

Petitioner Mother A.P., by counsel Melissa T. Roman, appeals the Circuit Court of Lewis County's May 5, 2017, order terminating her parental rights to B.P.-1, B.P.-2, and E.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Bryan S. Hinkle, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent and in denying her motions for an improvement period and post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that she left her children in the care of her mother and her mother's boyfriend, both of whom petitioner had previously reported as sexually abusing the children. The petition further alleged that petitioner had an extensive domestic violence history and repeated incarcerations resulting from multiple domestic violence incidents. Petitioner was incarcerated at the time of the petition's filing as a result of those incidents.

In November of 2016, the circuit court held an adjudicatory hearing wherein a DHHR worker testified that petitioner had a history of drug abuse and domestic violence. The worker also testified that petitioner engaged in domestic violence in the children's presence and had been incarcerated five times since 2014 for domestic battery, domestic assault, and malicious

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, because two of the children share the same initials we will refer to them as B.P.-1 and B.P.-2 throughout this memorandum decision.

wounding. Based on the evidence presented, the circuit court adjudicated petitioner as an abusing parent and found that she engaged in domestic violence in the children's presence, stabbed her mother's boyfriend in the children's presence, threatened to set her mother's oxygen tank on fire, left the children with her mother and her mother's boyfriend after reporting that they sexually abused the children, and had repeated incarcerations.

In January of 2017, the DHHR filed a motion to terminate petitioner's parental rights. Petitioner then moved for a post-adjudicatory improvement period. Along with that motion, petitioner submitted to a psychological evaluation in which the evaluator found that petitioner suffered from "child neglect," bipolar disorder, and borderline intellectual functioning. The evaluator noted that petitioner reported a drug abuse history and use of methamphetamine, opiates, and Flakka.[2] The evaluator determined that petitioner was mentally capable of participating in the terms of an improvement period, but noted that her lack of veracity during the evaluation and her long history of drug abuse were "concerning." In March of 2017, petitioner was arrested for the possession of methamphetamine after she was investigated for another domestic violence incident.

In April of 2017, the circuit court held a dispositional hearing wherein it addressed petitioner's motion for an improvement period and the DHHR's motion to terminate her parental rights. The circuit court found that petitioner failed to prove that she was likely to fully participate in an improvement period and that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect. The circuit court terminated her parental rights to the children, by order dated May 5, 2017. It is from that order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

---

[2]Flakka is a synthetic drug similar to bath salts.

On appeal, petitioner argues that the "testimony was bereft of any evidence of harm to the children" at the time of the petition's filing and that there was not sufficient evidence to make the finding by clear and convincing evidence. This Court does not agree. West Virginia Code § 49-4-601

> requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden.

Syl. Pt. 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981). We have described the "clear and convincing" standard as one in which

> the evidence in an abuse and neglect case does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble,* 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014). The evidence below was sufficient to establish that petitioner abused her children. Here, the DHHR clearly established that petitioner's substance abuse, history of domestic violence, and resulting incarcerations led her to leave the children in her mother's care, despite petitioner's report that her mother and her mother's boyfriend sexually abused the children, as alleged in the abuse and neglect petition. During the proceedings below, petitioner admitted to a history of substance abuse and to the use of methamphetamine, opiates, and Flakka, and further admitted that she was arrested for the possession of methamphetamine after she was investigated for another domestic violence incident. Further, the circuit court heard testimony that petitioner stabbed her mother's boyfriend, threatened to set her mother's oxygen tank on fire, and engaged in other incidents of domestic violence in the children's presence. For these reasons, we find no error in the circuit court's adjudication of petitioner as an abusing parent.

Next, petitioner argues that the circuit court erred in not granting her a post-adjudicatory improvement period prior to terminating her parental rights. In support of her argument, petitioner claims that she had taken steps to correct her parenting deficiencies. However, West Virginia Code § 49-4-610(2)(B) requires that the parent "demonstrate[] by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to present any evidence to the circuit court that she would be likely to fully participate in a post-adjudicatory improvement period. Although petitioner's psychological evaluation determined that she was mentally capable of participating in the terms of an improvement period, it noted that her lack of veracity during the evaluation and her drug abuse history were a concern. Further, after petitioner filed her motion for an improvement period, she was arrested for methamphetamine possession following an investigation for another domestic violence incident. Petitioner's history of drug abuse and repeated engagement in domestic violence indicates that she would be unlikely to fully participate in an improvement period or remedy the conditions of abuse in the home. Accordingly, we find no error below.

Finally, the Court finds no error in the circuit court's denial of petitioner's motion for post-termination visitation. According to petitioner, because she expressed love for her children, the circuit court erred in denying her post-termination visitation. Again, we do not agree. We have previously held as follows:

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). The record on appeal is devoid of any evidence tending to show that continued visitation with petitioner would be beneficial to the children's wellbeing. As outlined above, petitioner took no steps to correct the conditions of abuse and neglect in the home and continued to abuse drugs and engage in domestic violence. Based upon the evidence, it is clear that continued contact with petitioner would not be in the children's best interests. As such, we find no error in the circuit court's denial of post-termination visitation below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 5, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4